FILED
United States Court of Appeals
Tenth Circuit

February 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERMAN ALEXANDER LYNCH,

      Petitioner - Appellant,

    v.

SHANE NELSON,

      Respondent - Appellee.

No. 18-4174
(D.C. No. 2:17-CV-00477-DS)
(D. Utah)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.

This matter is before the court on Sherman Alexander Lynch's pro se request for a certificate of appealability ("COA"). Lynch seeks a COA so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" without first obtaining a COA). Because Lynch has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in Utah state court, Lynch was convicted of murdering his wife, *see* Utah Code Ann. § 76-5-203, and obstruction of justice, *see id.* § 76-8-306. *State v. Lynch*, 246 P.3d 525, 525 (Utah Ct. App. 2011). The Utah Court of Appeals affirmed Lynch's convictions on direct review. *Id.* at 530. Lynch did not seek review in the Utah Supreme Court. Instead, he filed a petition for relief under the Utah Post-Conviction Remedies Act. *See Lynch v. State*, 400 P.3d 1047, 1050 (Utah Ct. App. 2017). That state court petition raised twenty-eight claims of ineffective assistance of counsel and one claim of newly discovered evidence. *See id.* at 1052. The trial court denied Lynch's motion, concluding some of the claims of ineffective assistance were procedurally barred and the remaining claims failed on the merits. In a lengthy opinion, the Utah Court of Appeals affirmed. *Id.* at 1053-65. The Utah Court of Appeals likewise affirmed the trial court's conclusion that Lynch's claim of newly discovered evidence failed because the new evidence was insufficient to demonstrate no reasonable jury could have found him guilty of the charged offenses. *Id.* at 1065-69. The Utah Supreme Court denied certiorari review. While these proceedings were ongoing, Lynch filed a second petition under Utah's Post-Conviction Remedies Act. This petition raised eighteen claims centered around allegations of police and prosecutorial misconduct. The trial court concluded all the claims raised in this second petition were procedurally barred; the Utah Court of Appeals summarily affirmed in an unpublished order.

-2-

Lynch then filed the instant § 2254 habeas petition raising multiple claims of police/prosecutorial misconduct and ineffective assistance of counsel. In a thorough order, the district court concluded several of Lynch's claims were subject to a procedural default; it also concluded Lynch's default was not excused by cause and prejudice or by new, reliable evidence of actual innocence. As to Lynch's properly exhausted claims of ineffective assistance of counsel, the district court concluded the Utah courts' rejection of these claims was neither "contrary to," nor did it involve "an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Lynch seeks a COA so he can appeal the district court's dismissal of his habeas petition. The granting of a COA is a jurisdictional prerequisite to an appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Lynch must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and

debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Lynch has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Lynch need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Lynch's appellate filings, the district court's thorough order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El* and *Slack*, we conclude Lynch is not entitled to a COA. The district court's resolution of Lynch's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Furthermore, it cannot be reasonably argued the district court abused its discretion when it denied Lynch's requests for appointed counsel, provision of a law library, ability to purchase a computer, and the ability to block his transfer to another facility. In so ruling, this court concludes it is unnecessary to recapitulate the district court's careful analysis. *Cf. Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (holding that the straight-forward process of deciding whether a petitioner is entitled to a COA should not be treated

by the Courts of Appeals as tantamount to a merits determination). Accordingly, this court **DENIES** Lynch's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge